UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN LUX RESEARCH,
LINDSAY OLSON,
    Plaintiffs

        v.

HULL MCGUIRE PC, et al.,
    *Defendants*.

Civil Action No. 23-cv-523 (JEB)

**MOTION BY DEFENDANT HERNANDEZ TO JOIN THE MOTION TO DISMISS THE FIRST AMENDED COMPLAINT'S CLAIMS AGAINST THE SMITH DEFENDANTS AND TO DISMISS THE COMPLAINT AGAINST HER**

Defendant Carmen D. Hernandez hereby respectfully moves to join and adopt by reference the Motion to Dismiss the First Amended Complaint's Claims Against The Smith Defendants ("Smith Motion to Dismiss Amended Complaint") (6/27/23, ECF 32). The facts alleged and legal arguments made in the Smith Motion to Dismiss Amended Complaint substantially and materially apply with equal force to the claims made against Ms. Hernandez in the Amended Complaint (ECF 27, filed 6/13/23). Accordingly, Ms. Hernandez respectfully moves that this Honorable Court grant her motion to join the Smith Motion to Dismiss Amended Complaint and for the reasons stated therein dismiss the instant First Amended Complaint.

**BACKGROUND**

1.     This case arises in connection with a criminal case, *United States v. Nordean*, No. 21-cr-175 (TJK), which charged five persons with various federal criminal offenses.

2.     The defendants named in the First Amended Complaint represented five persons accused in the *Nordean* criminal case.

3. Defendant Hull entered his appearance on March 5, 2021 as retained counsel to represent Joseph Biggs, one of the persons accused in the *Nordean* case, 21-cr-175 (ECF 8).

4. On December 15, 2021, Defendant Hernandez entered her appearance as counsel appointed under the Criminal Justice Act, 18 U.S.C. Section 6003A, to represent Zachary Rehl, one of the persons accused in the *Nordean* case, 21-cr-175 (ECF 251).

5. On June 27, 2023, the district court in the *Nordean* case granted Ms. Hernandez' motion to withdraw from representing Mr. Rehl. *See* 21-cr-175 (ECF 826). Mr. Rehl is now represented by private counsel, Norman Pattis (also a named defendant in the instant case).

## FACTUAL ALLEGATIONS – THE COMPLAINT

6. In pertinent part, the First Amended Complaint alleges that Defendant Hull was in contact with the Plaintiffs by phone, text messages and email during August through October 2022 to engage the Plaintiffs in conducting certain work to be used in support of a Motion for26-89. Change of Venue to be filed by Mr. Hull in the *Nordean* case. *See* First Amended Complaint, Factual Allegations.

7. In particular, the First Amended Complaint alleges that:

> On August 31, 2022, Defendant Daniel John Hull ("Defendant Hull"), a criminal defense attorney practicing in the District of Columbia, contacted Plaintiffs via email to inquire about Plaintiffs conducting a Multi-district Comparative Community Attitude Follow-on Study and written report, building on Plaintiffs' earlier testing for potential bias in the jury pool of the Federal District for the District of Columbia.

*Id*. at paragraph 26.

8. The First Amended Complaint alleges multiple communications between the Plaintiffs and Defendant Hull during September 2022 regarding the nature and scope of the work to be done by the Plaintiffs. *See generally* First Amended Complaint, paragraphs 26-89.

9. The First Amended Complaint further alleges that on September 29, 2022, "Plaintiffs notified Defendants via text messages that Plaintiffs . . . were now free to begin work on the report that would contain visualizations and express Plaintiffs' interpretation of the results and findings of the Follow-on Study." *Id.* at paragraph 66.

10. The First Amended Complaint alleges that on September 29, 2022, "Defendants filed their Motion for Extension (Criminal Case No. 21-cr-125-TJK (sic) (Dkt. 470) in this District." *Id.* at paragraph 69. In fact, however, the *Nordean* docket reflects that the Motion was filed solely by Defendant Hull.

| 09/29/2022 | 470 | Consent MOTION for Extension of Time to *Update District of Columbia Jury Prejudice Data for Motion to Change Venue* by JOSEPH R. BIGGS. (Hull, John) (Entered: 09/29/2022) |

11. Throughout the First Amended Complaint, the allegations refer to communications between Plaintiffs and the Defendants. However, with limited exception expressly noted, the First Amended Complaint reference communications solely between Defendant Hull (not the other Defendants) and the Plaintiffs.

12. The First Amended Complaint alleges that on "October 10, 2022, Plaintiffs delivered to Defendants" a Report authored by Plaintiff Olson. *Id.* at paragraph 90.

13. The First Amended Complaint alleges that on "On October 10, 2022, when Hull, with authority to file jointly on behalf of all Defendants, filed the supplement attaching a copy of the Plaintiff Olson's copyrighted Report without paying for it in Case No. 21-cr-125-TJK (pending in the Federal District for the District of Columbia), Defendants committed copyright infringement by each copying, distributing and publicly displaying Plaintiff Olson's Report without a legal defense. . ." *Id.* at paragraph 91.

14. In fact, however, the *Nordean* docket reflects that the Supplement was filed solely by Defendant Hull not by the Defendants:

| 10/10/2022 | 477 | SUPPLEMENT by JOSEPH R. BIGGS re 386 MOTION for Joinder *re: Motion to Transfer Venue* (Attachments: # 1 Exhibit Multi-District and Multi-Period Comparative Community Attitude Study)(Hull, John) (Entered: 10/10/2022) |

15. The First Amended Complaint further alleges that on November 1, 2022, "Plaintiffs sent Defendants notice that they had not paid for Plaintiffs' Report and that payment was required to avoid legal action." *Id.* at paragraph 103.

**ARGUMENT**

Ms. Hernandez adopts and incorporates the factual allegations and the arguments set forth in the Smith Motion to Dismiss First Amended Complaint. As the Smith Defendants, the First Amended Complaint does not allege that Ms. Hernandez actually spoke to Lindsay Olson nor to any person associated with In Lux Research. Ms. Hernandez did not enter into any contract with Lindsay Olson nor with In Lux Research for any services. Ms. Hernandez has no legal association with Hull McGuire PC *et al.*; with John Daniel Hull, Esquire; nor with any of the other defendants noted in the Complaint. The only association that Ms. Hernandez enjoys with the other Defendants is that they all appeared as counsel for the individuals accused in the *Nordean* criminal case. Ms. Hernandez never authorized Defendant John Daniel Hull nor any of the other defendants in this case to enter into any contract with the Plaintiffs in the case.

While the Complaint alleges that the Defendants on September 29, 2022, filed a Motion (*Nordean* ECF 470) for an extension of time to file the Report that Plaintiffs were preparing (First Amended Complaint at paragraph 69), the *Nordean* docket shows that Ms. Hernandez did not file such a motion nor did she file a motion to join that motion as required under the trial procedures established by Judge Kelly in the *Nordean* case. Similarly, while the Complaint (First Amended Complaint at paragraph 91) alleges on October 10, 2022, "Defendants committed copyright infringement by each copying, distributing and publicly displaying Plaintiff Olson's Report," the *Nordean* docket reflects that Ms. Hernandez did not join the Supplement (*Nordean* ECF 477) filed by Defendant Hull, which attached the Plaintiffs' Report.

Further, while the First Amended Complaint alleges that at a change of venue hearing "Defendant Hernandez admitted that the motion to transfer was *joined by all defendants,*" in fact the statement made by Ms. Hernandez referred to the Motion to Transfer venue filed by Mr.

Tarrio in the *Nordean* case (*Nordean,* ECF 342). Ms. Hernandez in fact moved to join the Tarrio Motion to Transfer Venue (*Nordean,* ECF 386). In contrast, the *Nordean* docket does not contain a motion by Ms. Hernandez to join the Supplement filed by Mr. Hull. Indeed, the hearing transcript referenced in the First Amended Complaint reflects that Ms. Hernandez did not refer to the Report prepared by the Plaintiffs.[1]

On or about October 3, 2022, long after Mr. Hull had engaged Plaintiffs' services, Ms. Hernandez explained the process for obtaining CJA funding for experts when Mr. Hull contacted her. As noted in the email that Ms. Hernandez sent to Mr. Hull, which he apparently forwarded to the Plaintiffs, the process requires pre-authorization from the Court before expert services may be contracted. Email attached as Exhibit 1 to the Hernandez Motion to Dismiss (ECF 22, filed 5/23/23). *See, e.g.,* 18 U.S.C. 3006A(e)(1).[2]

---

[1] The hearing transcript (*Nordean*, ECF 520 at 60-64) reflects that Ms. Hernandez did not mention the Olson Report. She referenced the Tarrio venue motion.

[2]  Section 3006A(e)(1) provides:

> **(e)Services Other Than Counsel.—**
> **(1)Upon Request.—**
> Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

## CONCLUSION

The instant Motion to join and adopt by reference the Smith Motion to Dismiss the First Amended Complaint will "secure the just, speedy, and inexpensive determination" of this action in compliance with Fed. R. Civ. Proc. 1. Accordingly, Defendant Hernandez respectfully moves this Honorable Court to grant her motion to join and adopt by reference the allegations and arguments set forth in the Smith Motion to Dismiss the First Amended Complaint, as supplemented herein; and to dismiss the First Amended Complaint against her.

WHEREFORE, Defendant Hernandez respectfully moves this Honorable Court to dismiss the First Amended Complaint filed against her and to grant such other and further relief as is just and proper.

Dated: June 30, 2023

Respectfully submitted,

/s/
_____

**Carmen D. Hernandez**
7166 Mink Hollow Rd
Highland, MD 20777
(240) 472-3391
Chernan7@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the instant Motion was served via ECF this 30th day of June, 2023 on all counsel of record.

/s/
_____

**Carmen D. Hernandez**