UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN LUX RESEARCH,
LINDSAY OLSON,
   Plaintiffs

        v.

HULL MCGUIRE PC, et al.,
   *Defendants*.

Civil Action No. 23-cv-523 (JEB)

**MOTION BY DEFENDANTS' NAYIB HASSAN AND LAW OFFICE OF NAYIB HASSAN TO JOIN THE MOTION TO DISMISS THE FIRST AMENDED COMPLAINT'S CLAIMS AGAINST THE SMITH DEFENDANTS AND TO DISMISS THE COMPLAINT AGAINST HIM**

Defendants, Nayib Hassan and Law Office of Nayib Hassan, hereby respectfully moves to join and adopt by reference the Motion to Dismiss the First Amended Complaint's Claims Against The Smith Defendants ("Smith Motion to Dismiss Amended Complaint") (6/27/23, ECF 32). The facts alleged and legal arguments made in the Smith Motion to Dismiss Amended Complaint substantially and materially apply with equal force to the claims made against Mr. Hassan and Law Office of Nayib Hassan in the Amended Complaint (ECF 27, filed 6/13/23). Accordingly, Mr. Hassan respectfully moves that this Honorable Court grant his motion to join the Smith Motion to Dismiss Amended Complaint and for the reasons stated therein dismiss the instant First Amended Complaint.

## BACKGROUND

1. This case arises in connection with a criminal case, *United States v. Nordean*, No. 21-cr-175 (TJK), which charged five persons with various federal criminal offenses.

2. The defendants named in the First Amended Complaint represented five persons accused in the *Nordean* criminal case.

3. Defendant Hull entered his appearance on March 5, 2021 as retained counsel to represent Joseph Biggs, one of the persons accused in the *Nordean* case, 21-cr-175 (ECF 8).

4. On April 4, 2022, Defendant Hassan entered his appearance as counsel to represent Henry Tarrio, one of the persons accused in the *Nordean* case, 21-cr-175 (ECF 329).

## FACTUAL ALLEGATIONS – THE COMPLAINT

5. In pertinent part, the First Amended Complaint alleges that Defendant Hull was in contact with the Plaintiffs by phone, text messages and email during August through October 2022 to engage the Plaintiffs in conducting certain work to be used in support of a Motion for Change of Venue to be filed by Mr. Hull in the *Nordean* case. *See* First Amended Complaint, Factual Allegations.

6. In particular, the First Amended Complaint alleges that:

> On August 31, 2022, Defendant Daniel John Hull ("Defendant Hull"), a criminal defense attorney practicing in the District of Columbia, contacted Plaintiffs via email to inquire about Plaintiffs conducting a Multi-district Comparative Community Attitude Follow-on Study and written report, building on Plaintiffs' earlier testing for potential bias in the jury pool of the Federal District for the District of Columbia.

*Id.* at paragraph 26.

7. The First Amended Complaint alleges multiple communications between the Plaintiffs and Defendant Hull during September 2022 regarding the nature and scope of the work to be done by the Plaintiffs. *See generally* First Amended Complaint, paragraphs 26-89.

8. The First Amended Complaint further alleges that on September 29, 2022, "Plaintiffs notified Defendants via text messages that Plaintiffs . . . were now free to begin work on the report that would contain visualizations and express Plaintiffs' interpretation of the results and findings of the Follow-on Study." *Id.* at paragraph 66.

9.      The First Amended Complaint alleges that on September 29, 2022, "Defendants filed their Motion for Extension (Criminal Case No. 21-cr-125-TJK (sic) (Dkt. 470) in this District." *Id.* at paragraph 69. In fact, however, the *Nordean* docket reflects that the Motion was filed solely by Defendant Hull.

| 09/29/2022 | 470 | Consent MOTION for Extension of Time to *Update District of Columbia Jury Prejudice Data for Motion to Change Venue* by JOSEPH R. BIGGS. (Hull, John) (Entered: 09/29/2022) |
|---|---|---|

10.     Throughout the First Amended Complaint, the allegations refer to communications between Plaintiffs and the Defendants. However, with limited exception expressly noted, the First Amended Complaint reference communications solely between Defendant Hull (not the other Defendants) and the Plaintiffs.

11.     The First Amended Complaint alleges that on "October 10, 2022, Plaintiffs delivered to Defendants" a Report authored by Plaintiff Olson. *Id.* at paragraph 90.

12.     The First Amended Complaint alleges that on "On October 10, 2022, when Hull, with authority to file jointly on behalf of all Defendants, filed the supplement attaching a copy of the Plaintiff Olson's copyrighted Report without paying for it in Case No. 21-cr-125-TJK (pending in the Federal District for the District of Columbia), Defendants committed copyright infringement by each copying, distributing and publicly displaying Plaintiff Olson's Report without a legal defense. . ." *Id.* at paragraph 91.

13. In fact, however, the *Nordean* docket reflects that the Supplement was filed solely by Defendant Hull not by the Defendants:

| 10/10/2022 | 477 | SUPPLEMENT by JOSEPH R. BIGGS re 386 MOTION for Joinder *re: Motion to Transfer Venue* (Attachments: # 1 Exhibit Multi-District and Multi-Period Comparative Community Attitude Study)(Hull, John) (Entered: 10/10/2022) |
|---|---|---|

14. The First Amended Complaint further alleges that on November 1, 2022, "Plaintiffs sent Defendants notice that they had not paid for Plaintiffs' Report and that payment was required to avoid legal action." *Id.* at paragraph 103.

**ARGUMENT**

Mr. Hassan adopts and incorporates the factual allegations and the arguments set forth in the Smith Motion to Dismiss First Amended Complaint. As the Smith Defendants, the First Amended Complaint does not allege that Mr. Hassan actually spoke to Lindsay Olson nor to any person associated with In Lux Research. Mr. Hassan did not enter into any contract with Lindsay Olson nor with In Lux Research for any services. Mr. Hassan has no legal association with Hull McGuire PC *et al.*; with John Daniel Hull, Esquire; nor with any of the other defendants noted in the Complaint. The only association that Mr. Hassan enjoys with the other Defendants is that they all appeared as counsel for the individuals accused in the *Nordean* criminal case. Mr. Hassan never authorized Defendant John Daniel Hull nor any of the other defendants in this case to enter into any contract with the Plaintiffs in the case.

While the Complaint alleges that the Defendants on September 29, 2022, filed a Motion (*Nordean* ECF 470) for an extension of time to file the Report that Plaintiffs were preparing (First Amended Complaint at paragraph 69), the *Nordean* docket shows that Mr. Hassan did not file such a motion nor did he file a motion to join that motion as required under the trial procedures established by Judge Kelly in the *Nordean* case. Similarly, while the Complaint (First Amended Complaint at paragraph 91) alleges on October 10, 2022, "Defendants committed copyright infringement by each copying, distributing and publicly displaying Plaintiff Olson's Report," the *Nordean* docket reflects that Mr. Hassan did not join the Supplement (*Nordean* ECF 477) filed by Defendant Hull, which attached the Plaintiffs' Report.

Moreover, the *Nordean* docket does not contain a motion by Mr. Hassan to join the Supplement filed by Mr. Hull relating to the Change of Venue Motion filed on behalf of Defendant Tarrio.

## CONCLUSION

The instant Motion to join and adopt by reference the Smith Motion to Dismiss the First Amended Complaint will "secure the just, speedy, and inexpensive determination" of this action in compliance with Fed. R. Civ. Proc. 1. Accordingly, Defendants' Hassan and Law Office of Nayib Hassan, respectfully moves this Honorable Court to grant his motion to join and adopt by reference the allegations and arguments set forth in the Smith Motion to Dismiss the First Amended Complaint, as supplemented herein; and to dismiss the First Amended Complaint against him.

WHEREFORE, Defendants' Hassan and Law Office of Nayib Hassan respectfully moves this Honorable Court to dismiss the First Amended Complaint filed against him and to grant such other and further relief as is just and proper.

Dated: July 3, 2023    Respectfully submitted,

/s/
_____

**Nayib Hassan, Esq,**
Law Office of Nayib Hassan, PA
6175 NW 153 St. Suite 209
Miami Lakes, FL 33014
hassan@nhassanlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the instant Motion was served via ECF this 3rd day of July, 2023 on all counsel of record.

/s/
_____

**Nayib Hassan**