UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

IN LUX RESEARCH, *et al.*,

    Plaintiffs,

        v.

HULL MCGUIRE PC, *et al.*,

    Defendants.

Civil Action No. 23-523 (JEB)

---

## MEMORANDUM OPINION

In Lux Research and its owner, Lindsay Olson, sued the lawyers and law firms that represented a number of Proud Boys in a joint criminal trial connected to their involvement in the insurrection at the U.S. Capitol on January 6, 2021. Plaintiffs claimed that one of the defense lawyers, John Daniel Hull, allegedly acting on behalf of all the defense lawyers, hired In Lux Research to conduct a jury poll for a $30,000 fee but failed to pay up. Most Defendants — including Nayib Hassan, Sabino Jauregui, and their law firms — responded to the suit with motions to dismiss. The Court granted those motions in a Memorandum Opinion and separate Order issued two months ago.

Plaintiffs now seek to vacate the Order and to reinstate Hassan, Jauregui, and their law firms as Defendants, and they ask for leave to amend the Complaint to add a new claim against them. Because those Defendants offer no substantive opposition to amendment and no prejudice is evident, the Court finds that leave to amend is appropriate. It will thus vacate its Order in part — insofar as it dismissed Hassan, Jauregui, and their law firms — and permit amendment.

I.    **Background**

An account of the relevant factual background appears in the Court's prior Opinion in this case.  In Lux Rsch. v. Hull McGuire PC, 2023 WL 6121906 (D.D.C. Sept. 19, 2023).  To briefly summarize, in the lead-up to their criminal trial, certain Proud Boys sought a transfer of their case, United States v. Nordean, No. 21-175 (D.D.C.), out of the District of Columbia.  They argued that jurors here are so prejudiced against defendants in January 6 cases that they could not receive a fair and impartial trial.  To support the transfer effort, Hull hired In Lux Research to conduct a jury-polling analysis for a $30,000 fee.  See ECF No. 27 (Am. Compl.), ¶¶ 26–33.  In October 2022, Plaintiffs delivered their report, id., ¶ 90, and Hull filed it on the Nordean docket. Id., ¶ 91; see Nordean, ECF No. 477 (Biggs Supp. Attaching October 2022 Report).  Yet no payment for Plaintiffs ever arrived.  Id., ¶ 107.

They thus filed this suit in February 2023 against six defense lawyers and four law firms involved in Nordean, including Hassan and the Law Offices of Nayib Hassan, P.A.  See ECF No. 1 (Compl.).  They later added two more lawyers and one more firm, including Jauregui and Jauregui Law, P.A.  See Am. Compl., ¶¶ 17–19.  The Amended Complaint asserted copyright infringement related to the October 2022 report, breach of contract, and unjust enrichment against all Defendants, id., ¶¶ 110–33, 156–60, and intentional misrepresentation and promissory fraud against Hull.  Id., ¶¶ 134–55.

All Defendants other than Hull and his firm separately moved to dismiss the counts against them.  See ECF Nos. 32; 39; 41; 42; 56; 57.  In their combined Opposition, Plaintiffs both defended the Amended Complaint and requested leave to amend it again.  See ECF No. 58 (Opp. to Motions to Dismiss).  Specifically, they asked to add a claim against the Hassan and Jauregui Defendants for also infringing Olson's copyright in an earlier April 2022 report that In

Lux Research had prepared for a separate trial of Oath Keepers' members, which the Hassan and

Jauregui Defendants filed on the <u>Nordean</u> docket in May 2022.  <u>Id.</u> at 2; <u>see</u> <u>Nordean</u>, ECF No.

351 (Tarrio Notice Attaching April 2022 Report).

 In September 2023, this Court granted the motions to dismiss.  <u>See</u> ECF No. 60 (Order

Granting MTDs).  It concluded that the count asserting copyright infringement of the October

2022 report failed to state a claim against the moving Defendants because Plaintiffs did not

plausibly plead that those Defendants — as distinct from the Hull Defendants, who remain in the

case — reproduced or publicly distributed the report.  <u>In Lux Rsch.</u>, 2023 WL 6121906, *6–9.

Nor did Plaintiffs adequately allege that the moving Defendants were secondarily liable for the

alleged infringement.  <u>Id.</u> at *9–10.  The Court thus found Plaintiffs' sole federal count against

those Defendants inadequate and declined to exercise supplemental jurisdiction over the

remaining ones.  <u>Id.</u> at *10–11.  As to Plaintiffs' request in the Opposition to add a claim to their

Complaint, the Court explained that "a request for leave [to amend] must be submitted in the

form of a written motion" and therefore denied Plaintiffs' request as improper.  <u>Id.</u> at *11

(quoting <u>Benoit v. U.S. Dep't of Agric.</u>, 608 F.3d 17, 21 (D.C. Cir. 2010) (cleaned up)).

 In Lux Research and Olson still wish to amend their Complaint to add a copyright-

infringement claim against the Hassan and Jauregui Defendants based on those Defendants'

filing of the April 2022 report.  Plaintiffs have, accordingly, filed a Motion to Vacate and Amend

the Court's Order, to reinstate the Hassan and Jauregui Defendants, <u>see</u> ECF No. 69 (Mot. to

Vacate), and a Motion for Leave to Amend their Complaint, to add that count.  <u>See</u> ECF No. 70

(Mot. for Leave to Amend).  Those Defendants believe neither Motion should be granted, and

they filed a single Opposition to both.  <u>See</u> ECF Nos. 71 (Jauregui Opp.); 73 (Hassan Mot. to

Join Jauregui Opp.); 74 (Minute Order of November 6, 2023, Granting Hassan Mot. to Join

Jauregui Opp.).

## II.      Legal Standard

Although the Opposition assumes Federal Rule of Civil Procedure 59(e) governs

Plaintiffs' Motion to Vacate and Amend the Court's Order, the rule that actually applies to a

decision like this one that does not finally adjudicate a case is Rule 54(b).  See Fed. R. Civ. P.

54(b) (an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer

than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all

the claims and all the parties' rights and liabilities").  Under Rule 54(b), orders like the one at

issue here may be reconsidered "as justice requires."  Cobell v. Jewell, 802 F.3d 12, 25 (D.C.

Cir. 2015) (citation omitted).

As to Plaintiffs' Motion for Leave to Amend the Complaint, Rule 15(a) controls.  Under

that Rule, a plaintiff may amend her complaint once as a matter of course within 21 days of

serving it or within 21 days of the filing of a responsive pleading or else must seek consent from

the defendant or leave from the court.  See Fed. R. Civ. P. 15(a)(2).  "The court should freely

give leave when justice so requires."  Id.  In deciding whether to grant such leave, the court may

consider "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

virtue of allowance of the amendment, [or] futility of amendment."  Foman v. Davis, 371 U.S.

178, 182 (1962).  In this Circuit, "it is an abuse of discretion to deny leave to amend unless there

is sufficient reason."  Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  Furthermore,

under Rule 15, "the non-movant generally carries the burden in persuading the court to deny

leave to amend."  Nwachukwu v. Karl, 222 F.R.D. 208, 211 (D.D.C. 2004).

### III.    Analysis

The Court first considers whether to revisit its dismissal under Rule 54(b) and decides

that such reconsideration is appropriate if amendment would otherwise be warranted under Rule

15(a).  It then turns to that analysis and concludes that leave to amend is indeed appropriate.

#### A.  Reconsideration

In citing Rule 54(b), Plaintiffs do not challenge the Court's legal conclusions.  Instead,

they contend that it should vacate and amend its Order for the sole "purpose of keeping the

Hassan and Jauregui Defendants as parties in this case and providing procedural grounds for

Plaintiffs to move for leave to amend their complaint" to add an entirely new claim against those

Defendants.  See Mot. to Vacate at 7.

In opposing, the Hassan and Jauregui Defendants do not argue that reconsideration is

unwarranted under Rule 54(b)'s "as justice requires" standard.  Instead, their Opposition asserts

only that the Motion should be denied under Rule 59(e), see Jauregui Opp. at 2–10 — the Rule

governing reconsideration of an order disposing of a case in its entirety, which the Order in

question is not.  See Order Granting MTDs (dismissing only claims against Defendants who filed

motions to dismiss).  Unfortunately for the Hassan and Jauregui Defendants, reconsideration

under Rule 54(b) is governed by a "lower" — and different — "bar."  Republic of Gambia v.

Meta Platforms, Inc., 588 F. Supp. 3d 1, 3 (D.D.C. 2022).  Their arguments about Rule 59(e)'s

mandatory filing deadline and stringent standard are, accordingly, beside the point.

The question for purposes of Rule 54(b) is whether "justice requires" altering the Order

to reinstate the Hassan and Jauregui Defendants.  Cobell, 802 F.3d at 25 (citation omitted).  The

"as justice requires" standard is a "flexible" one, id., that "leave[s] a great deal of room for the

court's discretion."  Lewis v. Dist. of Columbia, 736 F. Supp. 2d 98, 102 (D.D.C. 2010).  The

Court's task, essentially, is to determine "whether relief upon reconsideration is necessary under the relevant circumstances." Id. (cleaned up).

The circumstances here are unique in two ways significant to the Rule 54(b) analysis. First, Plaintiffs are not seeking to reinstate a previously dismissed claim against the Hassan and Jauregui Defendants, only to add a new cause of action against them. Vacating and amending the Court's Order to permit Plaintiffs to do so would not, therefore, violate the "law of the case doctrine" or "require[]" the Hassan and Jauregui Defendants to "battle[] for the court's decision" on any claim for the second time. Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (court's discretion under Rule 54(b) is "limited by the law of the case doctrine and subject to the caveat that, where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again"). Second, as a procedural matter, Plaintiffs cannot amend their Complaint to add a new claim against those Defendants without vacatur — even if warranted under Rule 15(a) — because they are at this point no longer in the case.

Considering these unique circumstances and the flexible standard governing Rule 54(b) motions, the Court reaches a conditional conclusion: relief upon reconsideration is justified in this case if amendment is otherwise warranted. In other words, "justice requires" altering and amending the Court's Order under Rule 54(b) if granting leave to amend is otherwise appropriate under Rule 15(a). With that, the Court turns to the Rule 15(a) considerations.

B. Leave to Amend

Plaintiffs assert that leave to amend is proper under Rule 15(a): their proposed amendment is "in the interest of justice and efficiency," "brought in good faith," "timely," and not prejudicial. See Mot. for Leave to Amend at 4–6. The Hassan and Jauregui Defendants

disagree, but they offer no reasons why leave to amend should be denied independent of their

argument against reconsideration.  See Jauregui Opp.  The closest they come is the contention —

which they make in the context of arguing that the inapplicable Rule 59(e) standard for

reconsideration is not met — that "Plaintiffs seek a second bite of the apple, a 'do-over,' a

second chance, using newly discovered evidence" that is not, in fact, "newly discovered."  Id. at

1, 5.  Specifically, they assert that because they filed the April 2022 report on the public Nordean

docket back in May 2022, Plaintiffs either "knew about [that filing's] existence" at the time they

filed their original Complaint or "should have known about it" because "it would have been

easily found using due diligence."  Id. at 5, 7.

Plaintiffs rejoin that they did not come across the May 2022 filing until conducting

research for their Opposition to the motions to dismiss in summer 2023.  See Mot. for Leave to

Amend at 5.  No doubt, Plaintiffs with some diligence could — and should — have discovered

the filing on the Nordean docket earlier.  Optimally, they would have discovered it in time to

include the copyright-infringement claim against the Hassan and Jauregui Defendants in their

Complaint at the outset or, at least, to have added it when they amended their Complaint for the

first time.  After all, the Hassan and Jauregui Defendants are correct that the May 2022 filing is

not "new" evidence by any means.  See Jauregui Opp. at 5–7.  That said, the Court sees no

reason to infer bad faith or discredit Plaintiffs' assertion that they did not find the filing amidst

the 900+ entries on the Nordean docket until last summer.  Even if Plaintiffs dawdled, moreover,

consideration of whether "delay" is "undue" must "generally take into account . . . the possibility

of any resulting prejudice."  Atchinson v. Dist. of Columbia, 73 F.3d 418, 426 (D.C. Cir. 1996)).

On the important question of prejudice, the Hassan and Jauregui Defendants have nothing

to say.  Nor does the Court discern how permitting amendment would prejudice them.  If the

Court were to deny Plaintiffs' Motion for Leave to Amend the Complaint, "it seems likely that

Plaintiff[s] would simply file an additional Complaint" against the Hassan and Jauregui

Defendants containing the new copyright infringement claim "to which [those Defendants]

would also have to respond." Xingru Lin v. Dist. of Columbia, 319 F.R.D. 1, 2 n.1 (D.D.C.

2016); cf. Mot. to Vacate at 3 ("[A]mending the existing complaint . . . would be more efficient

than initiating a new, distinct action . . . ."); Mot. for Leave to Amend at 4–5 (similar).  These

contentions arguably bear on whether — under Rule 15(a) — bad faith or undue delay is behind

the need for amendment.

    As Plaintiffs point out, furthermore, the case is still in an "early procedural" stage, and

"no discovery ha[s] been conducted."  Mot. for Leave to Amend at 5; cf. Heller v. Dist. of

Columbia, 290 F.R.D. 1, 4 (D.D.C. 2013) ("A case's position along the litigation path proves

particularly important in [the prejudice] inquiry: the further the case has progressed, the more

likely the opposing party is to have relied on the unamended pleadings.").  The Hassan and

Jauregui Defendants have not been "denied the opportunity to present facts or evidence which

would have been offered had the amendment been timely, which is the paradigmatic form of

prejudice." Alston v. Cap. One Bank, 2021 WL 7208901, at *1 (D.D.C. Oct. 27, 2021) (cleaned

up).  What is more, these Defendants are not newcomers to this litigation.  Johnson v. Dist. of

Columbia, 244 F.R.D. 1, 6 (D.D.C. 2007), aff'd in part, 552 F.3d 806 (D.C. Cir. 2008) (noting

that "reinstating dismissed defendants . . . who have been substantially involved with the

litigation in the past" is less likely to cause prejudice than "naming wholly new defendants").

    With no bad faith, undue delay, or prejudice, things do not look good for the Hassan and

Jauregui Defendants' attempt to prevent amendment.  Those Defendants previously tried another

tack: in opposing a now-moot version of Plaintiffs' Motion for Leave to Amend the Complaint,

they took the position that amendment would be futile.  <u>See</u> ECF Nos. 66 (Superseded Mot. for Leave to Amend); 67 (Jauregui Opp. to Superseded Mot. for Leave to Amend), ¶¶ 10–13; 68 (Hassan Mot. to Join Jauregui Opp. to Superseded Mot. for Leave to Amend), ¶¶ 10–11.  But Plaintiffs' instant Motion for Leave to Amend the Complaint superseded its predecessor, and the Hassan and Jauregui Defendants' instant Opposition has abandoned the futility argument.  The Court, accordingly, need not assess at this stage whether the amended pleading would survive a motion to dismiss.  <u>See, e.g.</u>, <u>Xingru Lin</u>, 319 F.R.D. at 2.  The Hassan and Jauregui Defendants are, of course, free to move to dismiss it, and, if they do, the Court will consider any Rule 12(b) arguments at that juncture.  On this record, however, the Court finds that granting leave to amend is warranted.

## IV.      Conclusion

For the foregoing reasons, the Court will grant Plaintiffs' Motion to Vacate and Amend the Court's Order and Motion for Leave to Amend the Complaint.  A separate Order so stating will issue this day.

/s/ <i>James E. Boasberg</i>
JAMES E. BOASBERG
Chief Judge

Date:  <u>November 27, 2023</u>