UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN LUX RESEARCH, et. al. | Case 1:23-cv-00523-JEB |
| *Plaintiffs*, | |
| v. | **PLAINTIFFS' MOTION TO DISMISS AND MEMORANDUM OF LAW AND AUTHORITIES IN SUPPORT THEREOF FOR DEFENDANTS' FRIVOLOUS ABUSE OF PROCESS COUNTERCLAIM (DKT. 98)** |
| HULL MCGUIRE PC, et. al. | |
| *Defendants*. | **ORAL ARGUMENT REQUESTED** |

**PRELIMINARY STATEMENT**

Nearly a year and a half into this litigation for copyright infringement, breach of contract and fraud related to Plaintiffs' October 2022 Report, and more than three months into discovery, Defendants Hull McGuire, PC and John Daniel Hull (collectively the "Hull Defendants") decided, in a vexatious attempt to drive up litigation costs and waste the Court's resources, to frivolously sue Plaintiffs In Lux Research and Lindsay Olson ("Plaintiffs") for "Abuse of Process" (Dkt. 98 at 22-26). This dispute initially arose from the Hull Defendants' failure to compensate and secure authorization from Plaintiffs to the October 2022 Report in the *Nordean* criminal trial (a/k/a the Proud Boys trial). Now, to distract from their misconduct, the Hull Defendants have flipped the script by filing a baseless counterclaim against Plaintiffs, devoid of supporting law or facts.

Pursuant to Fed. R. Civ. P. 12, Plaintiffs respectfully file their Motion to Dismiss (the "Motion") and supporting authorities for Defendants' abuse of process counterclaim.[1]

---

[1] Plaintiffs have separately filed a Federal Rule of Civil Procedure 11 Motion for having to

## I.   PROCEDURAL BACKGROUND

The Court is aware of the procedural background of this case as outlined in its prior Order (Dkt. 83).  Plaintiffs briefly summarize key points.  Plaintiffs In Lux Research and Lindsay Olson conducted two (2) Multi-district Comparative Community Attitude Studies (the "Studies") and authored two (2) Multi-district Comparative Community Attitude Reports (collectively, the "Reports" or individually, the "April 2022 Report" or the "October 2022 Report"), each related to the same subject matter of measuring and qualitatively analyzing potential jury bias in the jury pool in the District of Columbia against all criminal defendants charged for crimes committed at the US Capitol on January 6, 2021 ("J6 Events").  The Hull Defendants represent Joseph Biggs in the consolidated case styled *US. v. Nordean et. al*. 1:21-cr-00175-TJK (the "*Nordean* case"), generally known as the Proud Boys' January 6 trial.

Plaintiffs filed their First Amended Complaint on June 13, 2023 (Dkt. 27), which alleged infringement of Plaintiffs' October 2022 Report.  However, Plaintiffs uncovered an *additional* separate act of copyright infringement by the now dismissed Hassan Defendants and Jauregui Defendants.[2]  On May 3, 2022, the Hassan and Jauregui Defendants, without authorization, copied, distributed and filed Plaintiff Olson's copyrighted April 2022 Report in the *Nordean* case.  The Hull Defendants now foreshadow that they intend to also exploit the April 2022 Report on appeal in *Nordean* as alleged in their Amended Answer.  See Dkt. 98 at 24-25. This anticipated unauthorized use of the April 2022 Report is for the same intrinsic commercial purpose for which Plaintiffs originally created it – namely, to show potential juror bias in the District in a January 6, 2021 criminal defense case. *See* ECF No. 351, 351-1 of the *Nordean* case.

---

respond to this counterclaim.  See Dkt. 101.

[2] All other Defendants have been dismissed from this case.  Only the Hull Defendants remain.

Plaintiffs are currently seeking injunctive relief under the Copyright Act for the October 2022

Report and will move to amend the proof to conform to the evidence prior to trial related to

injunctive relief and damages (if warranted) for the April 2022 Report against the Hull

Defendants.

On September 19, 2023, the Court entered an order (Dkt. No. 60) dismissing all

Defendants except the Hull Defendants without prejudice from claims associated with the

October 2022 Report. Plaintiffs filed a motion to vacate and amend their first amended

complaint, which the Court granted. See Dkt. 83.  The Court granted Plaintiffs' motion to vacate

its prior dismissal and amend the first amended complaint to include a second copyright

infringement of the April 2022 Report against the Hassan and Jauregui Defendants related to

motion to transfer venue in the *Nordean* case.  *See* LCvR 40.5.

Despite written discovery requests propounded on the Hull Defendants three months ago,

they have not responded to Plaintiffs' interrogatories or requests for production (See motion to

compel). They also have not–and cannot–produce any evidence to support their "abuse of

process" counterclaim, which cannot survive either a Rule 11 motion (Dkt. 101) or this Motion.

After this claim for copyright infringement and alternative causes of action was filed, the Hull

Defendants failed to allege any facts relevant to support an "abuse of process" counterclaim in

their Answer to the Amended Complaint (Dkt. 53) or in their Answer to the Second Amended

Complaint ("SAC") (Dkt. 80).  After a year and a half spent repeatedly kicking the can down the

road to delay resolution of this straightforward case, the Hull Defendants finally retained

counsel.  On May 21, 2024, they amended their Answer to the SAC.  It was at this time they

decided, without any basis in law or fact–just mere conclusions, speculation, and desire to force

Plaintiffs to litigate a side show–to file a frivolous and groundless counterclaim for abuse of

process against Plaintiffs. The Hull Defendants' counsel signed the pleading and admitted during

a "meet and confer" that it was Hull, individually, who prepared the counterclaim and insisted on

filing it.  Plaintiffs were granted an extension to respond to the counterclaim from June 12, 2024,

to June 28, 2024, expecting Hull would dismiss it, considering the pending Rule 11 motion

served on May 31, 2024.  The Court also cautioned Hull's counsel at the June 14, 2024 status

conference about the viability of the counterclaim.

## II.  STATEMENT OF FACTS

The SAC articulates detailed factual allegations sufficient for copyright infringement

against the Hull Defendants. See Dkts. 70 and 75.  Instead of moving to dismiss the copyright

infringement (which would have been futile)–and despite having multiple chances to do so–the

Hull Defendants instead engaged in gamesmanship to go on the offensive with meritless theories,

vexatiously forcing Plaintiffs to "needlessly increase the cost of litigation," which is grounds for

Rule 11 sanctions.  Without repeating each alleged fact in the SAC, Plaintiffs highlight key facts.

The SAC detailed an infringement claim against the Hull Defendants for unauthorized

copying, distributing, and displaying of Plaintiff Olson's copyrighted October 2022 Report. Dkt.

70-1; SAC ¶¶ 28 to 143; 154 to 165. On October 10, 2022, the Hull Defendants published the

October 2022 Report in the *Nordean* case without making any payment for authorization, and

committed infringement.  *Id.* at ¶ 137.  Plaintiff Olson registered the October 2022 Report with

the U.S. Copyright office within three (3) months of infringement, making the Hull Defendants

jointly and severally liable for statutory damages, attorneys' fees and costs. *Id.* at ¶ 138.

## III.  ARGUMENT

### A.  Legal Standard for a Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss filed under Rule 12(b)(6), a plaintiff (or counterclaimant) must plead "facts to state a claim of relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A Court treats the "complaint's factual allegations as true and afford[s] the plaintiff the benefit of all inferences that can be derived from the facts alleged."  *Atlas Brew Works, LLC v. Barr*, 391 F. Supp. 3d 6, 11 (D.D.C. 2019) (quotation omitted).  Although the court accepts all well-pleaded facts in the complaint as true, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  The claim to relief must be "plausible on its face," *id.*, meaning that the plaintiff must have plead "factual content that allows the court to draw the reasonable inference that the [counter] defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Therefore, to survive Plaintiffs' motion to dismiss, the counterclaim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

### B.  The Hull Defendants Fail To State A Claim For Abuse Of Process.

The Hull Defendants' abuse of process counterclaim contains nothing more than conclusions, with no factual allegations against Plaintiffs beyond the filing of a copyright claim. These allegations are irrelevant to the claims the Hull Defendants assert. The counterclaim should be dismissed because an "abuse of process" claim cannot be based merely on the filing of a lawsuit. However, that is exactly the conduct on which Hull's abuse-of-process claims are based and the alleged effects such claim may have for Hull's J6 client, which have no bearing on whether infringement occurred.  Plaintiffs' efforts to prevent the Hull Defendants from

exploiting the October 2022 Report without authorization and to seek appropriate compensation

are precisely why the Copyright Act exists.  Should Plaintiff Olson be forced to work for free

and forgo her rights in her copyrighted work simply because Hull complains about needing to

earn a living or to protect his criminal client's due process rights?  No. These are not valid

factual or legal grounds to sustain an abuse of process claim.

The "essential elements" of this rarely alleged tort (except maybe by the likes of Mike

Lindell, a/k/a the My Pillow Guy, and other straw-grasping defendants) are: "'(1) the existence

of an ulterior motive; and (2) an act in the use of process other than such as would be proper in

the regular prosecution of that charge.'" *Houlahan v. World Wide Ass'n of Specialty & Schools*,

677 F. Supp. 2d 195, 199 (D.D.C. 2010) (quoting *Hall v. Hollywood Credit Clothing Co.*, 147

A.2d 866, 868 (D.C. 1959) (emphasis in original)).  The second element of the tort is regularly

described as an act in "perversion of the judicial process."  *Spiller v. District of Columbia*, 362 F.

Supp. 3d 1, 6 (D.D.C. 2019) (quoting *Scott v. District of Columbia*, 101 F.3d 748, 756 (D.C. Cir.

1996)).  However phrased, courts interpret the second element the same.

Abuse of process claims are subject to a "restrictive standard" because courts typically

strive to preserve "unfettered access to the courts and avoid any chilling and inhibitory effect on

would-be litigants of justiciable issues." *Bannum, Inc. v. Citizens for a Safe Ward Five, Inc.,* 383

F. Supp. 2d 32, 46 n.10 (D.D.C. 2005) (cleaned up).  The mere filing of a lawsuit—i.e., the

"mere issuance of process" itself— "is not actionable [as an abuse of process claim], no matter

what ulterior motive may have prompted" the lawsuit. *Rockwell Cap. Partners, Inc. v. CD Int'l*

*Enterprises, Inc.*, 311 F. Supp. 3d 52, 55 (D.D.C. 2018) (quoting *Morowitz*, 423 A.2d at 198).

Rather, "the tort targets "improper use" of the judicial process "after issuance" of process. *US*

*Dominion, Inc. v. MyPillow, Inc.*, No. 1:21-CV-0445 (CJN), 2022 WL 1597420, at *3 (D.D.C.

May 19, 2022) (quoting *Morowitz v. Marvel*, 423 A.2d 196, 198 (D.C. 1980).  The "mere

issuance of process is not actionable, no matter what ulterior motive may have prompted it."

*Kopff v. World Rsch. Grp.*, 519 F. Supp. 2d 97, 99 (D.D.C. 2007).

Further, abuse of process claims cannot be based on harms that naturally flow from

litigation or good faith efforts to enforce the bundle of rights under the Copyright Act. These

non-cognizable harms include "reputational costs," *Rockwell*, 311 F. Supp. 3d at 56 n.3,

"harassment," *Kopff* at 100, and "significant inconvenience and loss of resources," *Bannum*, 383

F. Supp. 2d at 47. On the other hand, "[t]he usual case of abuse of process is one of some form of

extortion, using the process to put pressure upon the other to compel him to pay a different debt

or to take some other action or refrain from it." *Houlahan*, 677 F. Supp. 2d at 201 (quoting

Restatement (Second) of Torts § 682 cmt. b).  Nothing was alleged by the Hull Defendants that

comes close to Plaintiffs putting unjustified pressure or "extortion" or actual violations of due

process against J6 felons that affords Hull or his client (a non-party in this case) to cry foul and

warrant an abuse of process claim.

The Hull Defendants' abuse of process claim fails because it is based solely on the filing

of this lawsuit, which is precisely why the Copyright Acts exists: to stop infringement and seek

remedies for such.  Defendants' theory is that Plaintiffs sued, not to recover for the harms caused

by the Hull Defendants, but rather to "improperly" use the Copyright Act "to harm and

hamstring defendants the Hull Defendants [sic] in practicing law and representing an important

imprisoned client."  *See* Dkt. 98 at 23, ¶9.  The Hull Defendants also allege in conclusionary

fashion that "Olson and [In Lux], by and through their attorneys, among other things, misused

the Act, and misused the machinery of the judicial process itself, for an immediate improper

purpose, and to threaten and craft a result for which the Act was not designed nor intended." *Id*.

at ¶15.  These are simply mere conclusions without any factual or legal basis.

The Hull Defendants strain credulity by making the outlandish claim that they were

entitled to exploit Plaintiffs' October 2022 Report (without paying for it) and Plaintiffs' filing of

a copyright claim in response somehow deprives "their clients of a full and just defense of the

charges against them [in the wholly separate *Nordean* case], [and] is not a remedy for any act

prohibited by the Copyright Act." *Id*. at ¶20.

Without any factual allegations or supporting documents produced in discovery,[3] and

based solely on speculation and wild conjecture to muddy the record and engage in

gamesmanship grounded in whataboutisms, the Hull Defendants accuse Plaintiffs of filing a

copyright claim out of "cultural, political animus, bias, hostility, or malice toward and against the

group known as the Proud Boys…" *Id*. at ¶23.  Even if this were true for purposes of filing this

claim, this alleged ulterior motive is not, in and of itself, enough to support a claim for abuse of

process. Even assuming the truth of the Hull Defendants' theory regarding Plaintiffs' motives for

suing (to be clear, their characterization is false–Plaintiffs were solicited by Hull to objectively

measure potential jury bias and author an original report), the abuse of process claim fails under

the plain language of the Copyright Act and established case law regarding abuse of process.

Again, regardless of Plaintiffs' motivations, the Hull Defendants will find no purchase here

because the "issuance of process"—i.e., the filing of a lawsuit with a copyright claim—simply

"is not actionable" as an abuse of process claim, especially when the Hull Defendants are liable

---

[3] There is a separate pending motion to compel also filed today, June 25, 2024, regarding such deficient discovery.

for copyright damages for exploiting the October 2022 without authorization. *Rockwell* 311 F.

Supp. 3d at 55.

      The Hull Defendants' abuse of process counterclaim should be dismissed because it is

based on Plaintiffs' filing of this suit for copyright infringement. But even if they were afforded

the opportunity to replead this claim and allege additional facts, the Hull Defendants' would not

be able to save their abuse of process claim because such evidence simply does not exist or

would likely be excluded on relevance grounds. Therefore, the Hull Defendants should have

their claim dismissed and sanctions levied against them for vexatiously driving up the cost of this

litigation.  "An action for abuse of process 'lies in the improper use after issuance'"; as such,

"acts that [Plaintiffs] engaged in prior to the filing" of the lawsuit are irrelevant. *Houlahan*, 677

F. Supp. 2d at 201 n.7 (emphasis in original).  The original takedown demand sent to the Hull

Defendants on December 8, 2022 and again on February 17, 2023—which demanded that Hull

compensate Plaintiffs for their use of the October 2022 Report, contained copyright claims, and

warned that failure to comply would result in this lawsuit—were sent *prior* to the lawsuit being

filed and process was issued.  As a matter of law, Plaintiffs cannot "abuse process" if the process

has not yet been issued.

      The Court should also reject any attempt by the Hull Defendants to ground their abuse of

process claim on the alleged misuse of legal process against Hull's client, Joseph Biggs, for due

process rights, 6th Amendment violations, and right to a jury trial. Biggs, a now-convicted J6

felon, is *not a party* in this case.  Article III of the Constitution, with limited exceptions, is not

relevant here as, "one can not have standing in federal court by asserting an injury to someone

else." *Vietnam Veterans of Am. v. Shinseki*, 599 F.3d 654, 662 (D.C. Cir. 2010).  Nor should the

Court allow the Hull Defendants to evade that basic rule by claiming that the legal process

9

initiated by Plaintiffs, which may or may not affect non-parties, has caused harm to that non-party or Hull's right to earn a living. This speculative argument speciously seeks to have the Court expand the reach of an abuse of process claim without limit.  Allowing the Hull Defendants to proceed with claims based on non-actionable harm allegedly affecting others (such as convicted felon Joseph Biggs), would expand the scope of this claim. The Court should not permit such.  Finally, allowing such a tenuous claim to proceed (especially since it was filed in bad faith and in violation of Rule 11 to drive up litigation costs) would "chill" and "inhibit" litigants from filing suit based on legitimate grievances, undermining the goal of "allowing unfettered access to the courts."  *Bannum*, 383 F. Supp. 2d at 46 n.10 (citing *Bown*, 601 A.2d at 1080 and *Morowitz*, 423 A.2d at 197–98 (alterations omitted)).  Put differently, not granting the sanctions motion and allowing this abuse of process claim to proceed would incentivize litigants like Hull and the MyPillow guy (and their lawyers) to strategically file frivolous abuse of process claims and encourage defendants to disingenuously attempt to "flip the script" on cases of clear and indisputable liability.

As plead in the SAC, Plaintiffs plausibly plead copyright infringement for the October 2022 report.  The Copyright Act indisputably provides an author, such as Plaintiff Olson, the exclusive rights to control and authorize reproduction and distribution of copies of her copyrighted work under 17 U.S.C. § 106, giving her, among other things, an incentive to create and ability to profit from her work.  *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 557 (1985).  *See also* SAC. ¶110-125.  Under 17 U.S.C. § 501, "[a]nyone who violates any of the exclusive rights of the copyright owner … is an infringer of the copyright or right of the author." 17 U.S.C. § 501. Section 106 of the Copyright Act grants "a bundle of exclusive

rights to the owner of the copyright," including the rights "to publish, copy, and distribute the author's work." *Harper & Row Publishers, Inc.*, 471 U.S. at 545–47, (1985).

To state a claim for direct infringement, Plaintiffs must allege (1) ownership of a valid copyright and (2) that Defendants infringed that valid copyright. *Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1295 (D.C. Cir. 2002); *Spanski Enters., Inc. v. Telewizja Polska, S.A.*, 883 F.3d 904, 909 (D.C. Cir. 2018); *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); see 17 U.S.C. § 501.  Plaintiffs adequately plead all necessary elements of copyright infringement to survive a motion to dismiss and inapposite to justify an abuse of process counterclaim.  *See, e.g.*, SAC ¶¶ (Dkt. 70-1) 1, 9, 137-155, 160, 161, 163, 166-185.

## IV.    CONCLUSION

For the foregoing reasons, the Hull Defendants' counterclaim for abuse of process against Plaintiffs should be dismissed with prejudice.  Defendants and their counsel should be sanctioned for this frivolous claim that has unnecessarily driven up the cost of litigation.

Dated: June 25, 2024.

Respectfully submitted,

**JAMES H. BARTOLOMEI III, P.A.**

By:  */s/ James H. Bartolomei, III*

James H. Bartolomei III Esq. (DC # AR0007)
Of Counsel at Duncan Firm, P.A.
809 W. 3rd Street
Little Rock, Arkansas 72201
Telephone: 501-228-7600
james@duncanfirm.com

and

**HOBEN LAW**

Bryan D. Hoben, Esq.
1112 Main Street

11

Peekskill, New York 10566
bryan@hobenlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of June 2024, a true and correct copy of the

foregoing was filed with the Court through the ECF-CM electronic filing system, which will

automatically serve electronic notice of the same on the counsel of record for defendants.

*/s/ James H. Bartolomei III*

James H. Bartolomei III