UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN LUX RESEARCH, et al.,

      Plaintiffs,                    Case No: 1:23-cv-523 (JEB)

      v.

HULL MCGUIRE PC, et al.,

      Defendants.

### MOTION FOR ORDER DIRECTING PLAINTIFFS TO RECTIFY DELIBERATE MISREPRESENTATIONS IN THE RECORD

    Defendant J. Daniel Hull moves this Court for an Order directing Plaintiffs to step up and rectify deliberate misrepresentations made to this Court during a Status Conference on Friday, August 2, 2024. The misrepresentations focused on Defendant Hull's activities during the roughly two-and-a-half-week period between July 16, 2024, and that August 2 Status Conference. Hull asks that the Court issue an Order (a) requiring Plaintiffs' counsel to correct the falsehoods which appear in the Transcript of the August 2 conference (attached as Exhibit "B"), and (b) granting any other relief the Court deems appropriate. Defendant has no preference or advice on how the Court proceeds here or how it fashions a remedy, if any. However, Defendant believes that this Motion should be of urgent importance to the Court. In addition, it is of urgent importance to him personally and professionally. This Motion is being filed as soon as it could be.

**I. Governing Principle**

    Rule 3.3 of the District of Columbia Rules of Professional Conduct, like similarly worded counterparts in other American jurisdictions, is titled "Candor to Tribunal" and simply requires lawyers to be truthful with courts. Rule 3.3 (a) states, in relevant part:

>   (a) A lawyer shall not knowingly:
>
>   (1) Make a false statement of fact or law to a tribunal or fail to correct a
>
>   > false statement of material fact or law previously made to the tribunal by the lawyer…

Comment [2] to Rule 3.3, also set forth in relevant part, elaborates:

>   An assertion purported to be made by the lawyer, as in an affidavit by the lawyer **or in a statement in open court**, may properly be made only when the lawyer knows the assertion **is true** or believes it to be true on the basis of a reasonably diligent inquiry...

Further, comment ]2] goes on to say:

>   **If the lawyer comes to know** that a statement of material fact or law that the **lawyer previously made to the tribunal is false**, **the lawyer has a duty to correct the statement**, unless correction would require a disclosure of information that is prohibited by Rule 1.6 [confidentiality].

*Id.* (emphasis supplied.)

>   In short, lawyers may not lie to judges.
>
>   And when they do lie, they must correct their misrepresentations promptly.

## II. Background

On July 9, 2024, the Court granted Defendant Hull's unopposed motion of July 8 (ECF No. 104) to extend the time until July 16 to respond to three motions he was having trouble finding the time and energy to answer. By mid-July, it was apparent to him and others that he was uncharacteristically ill and ill in an unexpected way. On July 16, the deadline, he emailed all counsel (including his own) and stated that he was "sick as a dog" (s*ee* Exhibit "A"). He did virtually no work for nearly two weeks (also novel) – with one exception: on July 23, in *Smith v. Trump,* (21-cv-2265) he filed a half-page (six lines) "Second Notice of Discovery Compliance" attaching papers he had served on June 29, over three weeks earlier. Contrary to Plaintiffs' version

of events, on the following day, or July 24, in the case of *Smith v. Trump,* he did <u>not</u> appear at a scheduled status conference. On July 23, he asked another lawyer for defendants in *Smith v. Trump* to pinch-hit for him. That lawyer reported back about the July 24 conference before Judge Mehta.

Defendant unfortunately did no other work. He could not work. Defendant did not start to improve until around July 28.

Turning back to this litigation, and the Status Conference of Friday, August 2, during the week of August 5, Defendant Hull did order a Transcript (Exhibit "B"). He was surprised to see the following glaring – and hopefully unsuccessful – Eddie Haskell-style attempt to negatively influence (*i.e.*, poison) this Court for Plaintiffs and against Defendants.

> THE COURT:
>
> So let's talk about some of these things. When would you like to depose him, Mr. Barolomei?
>
> MR. BARTOLOMEI:
>
> Whenever he's available. I mean, we would obviously want to make sure that we have a complete set of discovery. **We would also point out that Mr. Hull [i] was quite active in another pending case i**n Your Honor's courthouse, the Smith v. Trump case, and [ii] **attended a status conference**, [iii] **made multiple filings**. And [iv] **this happened just last week**.
>
> So to the extent that he was unavailable because [v] **[that] he was sick doesn't seem to be consistent with what's been presented, you know, representing his health.** And we **do feel for him**. **We feel terrible** that he was in the hospital**. But we do know that he was [vi] very active in other cases pending in that courthouse.**

August 2 Tr. at 5, lines 3-17 (emphasis supplied.)

The August 2, 2024, statements underscored above are falsehoods. They are emphatic, repeated, relentless, and completely specious. As reflected in the August 2 Transcript, Plaintiffs' counsel strove mightily here to portray as Defendant a person who was feigning an illness. Counsel did this by stating to the Court "facts" which at least one of the appearing two lawyers knew were both false and demonstrably false. If Plaintiffs' lawyers indeed had taken the odd and overly suspicious steps and strategy to monitor Defendant's activity – and apparently they did exactly that – they would *know* that before August 2, 2024, Defendant: (a) did not "attend a status conference" in one of Judge Mehta's cases; (b) did not engage in "multiple filings" in this Court; and (c) was certainly not "very active" at any juncture at the Prettyman Courthouse during the 2-week period in question.  He was sick.

Finally, on August 7, 2024, shortly after receiving and reviewing the August 2 Transcript, the undersigned wrote Plaintiffs' counsel a letter (Exhibit "C") succinctly raising each of the problems described in the paragraph immediately above and asking them to immediately correct the various misrepresentations to the Court. Defendant heard nothing back. *See* Rule 3.3 (a) of the District of Columbia Rules of Professional Conduct correcting misstatements once brought to a lawyer's attention that they are inaccurate or false.  Defendant respectfully commends the Court's attention to the August 7th letter at Exhibit "C".

**III. Conclusion and Relief Requested**

Accordingly, Defendant moves this Court for an Order (a) directing Plaintiffs to rectify or correct the misrepresentations made to this Court during a Status Conference on Friday, August 2, 2024, and (b) granting any other relief the Court deems appropriate.

Respectfully submitted,

Dated: August 12, 2024            By: /s/ *John Daniel Hull*
                                           JOHN DANIEL HULL
                                           DC Bar No. 323006
                                           California Bar No. 222862
                                           HULL MCGUIRE PC
                                           1420 N Street, N.W.
                                           Washington, D.C.  20005
                                           202-429-6520 o
                                           619-895-8336 c
                                           jdhull@hullmcguire.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 12, 2024, he served the foregoing Motion by email to both counsel for Plaintiffs and a second time on August 16, 2024, via the ECF system.

> By: /s/ *John Daniel Hull*
> JOHN DANIEL HULL
> DC Bar No. 323006
> California Bar No. 222862
> HULL MCGUIRE PC
> 1420 N Street, N.W.
> Washington, D.C.  20005
> 202-429-6520 o
> 619-895-8336  c
> jdhull@hullmcguire.com