UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN LUX RESEARCH, et. al.<br><br>*Plaintiffs*<br><br>vs.<br><br>HULL MCGUIRE PC, et. al.<br><br>*Defendants*. | Case 1:23-cv-00523-JEB |

**PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT TO HOLD DEFENDANTS IN CONTEMPT AND FOR SHOW CAUSE ORDER FOR FAILURE TO PAY SANCTIONS FEES**

On August 2, 2024, this Court sanctioned Defendants J. Daniel Hull and Hull McGuire PC (the "Hull Defendants") for their "repeated failures to comply with the discovery process," by ordering them to pay Plaintiffs' attorney's fees in the amount of $5,476. *See* Minute Order of August 2, 2024. Plaintiffs submitted the time incurred related to the discovery abuse, resulting in fees of $5476.00. See Dkt. 108. The Court ordered $5476 in attorneys fee to be paid by Defendant to be paid by August 23, 2024. See August 9, 2024 Minute Order. At the Parties Status Conference on August 29, 2024, with the fees still unpaid, Hull represented that payment was forthcoming and the Court permitted Hull an *additional* week to satisfy this debt. Despite follow up emails on September 10, 2024 and September 13, 2024 to meet and confer (in compliance of Local R.) 7(m)) on this pending issue and motion, Hull refuses to comply with the sanctions order.

Because Hull has filed to comply with the court order, Plaintiffs In Lux Research and Lindsay Olson (collectively, "Plaintiffs"), by and through their attorneys, respectfully move this

1

Court for an Order to Show Cause as to why the Hull Defendants should not be held in contempt of Court for failing to comply with this Court's Order.

## BACKGROUND

The Hull Defendants' failure to meaningfully participate in the discovery process lead them to respectfully submit a Fed. R. Civ. P. 11 Motion for Sanctions on June 23, 2024 [Dkt. No. 101]. On June 25, 2024, against the backdrop of those pending Motions, Plaintiffs also filed a Motion to Compel Discovery Responses [Dkt. No. 103] due to the Hull Defendants failure to provide written discovery responses or Answer the Complaint or to respond to Plaintiff's Deposition Notice by June 21, 2024, pursuant to this Court's Order. *See* Minute Order of June 14, 2024.

On July 8, 2024, with time once again running out on them, the Hull Defendants sought an extension to respond to all three of Plaintiffs' Motions, which the Court granted, giving them a deadline of July 16, 2024. *See* Dkt. No. 104 and Minute Order of July 9, 2024.

On August 2, 2024 at a joint status conference with the Court, the Court granted Plaintiffs' Motions for Sanctions [Dkt. No. 101] "as a sanction for repeated failures to comply with the discovery process." *See* Minute Order of August 2, 2024. The Court granted Plaintiffs' Motion to Compel Discovery [Dkt. No. 103] and ordered discovery to be extended until August 23, 2024, with a post-discovery status conference to be held August 29, 2024.[1] *See Id*.

On August 9, 2024, having reviewed Plaintiffs' counsels' Notice of Hours Incurred

---

[1] The Hull Defendants eventually served their combined written discovery responses on July 29, 2024. On August 1, 2024, they filed their Response to Plaintiffs' Motion to Compel Discovery Responses and Answers [Dkt. No. 105].

2

Related to Order Granting Motion to Compel and Sanctions [Dkt. No. 108], the Court Ordered the Hull Defendants to pay Plaintiffs' counsel the sum of $5,476 by August 23, 2024. *See* Minute Order of August 9, 2024.

At the scheduled post-discovery conference on August 29, 2024, Plaintiffs' counsel informed the Court that they had received a check from Hull for the $5,476, but that it had arrived with a handwritten note and follow-up email from Mr. Hull. Both communications instructed Plaintiffs' counsel not to deposit the check until Mr. Hull explicitly authorized it, because had no funds in the bank account that Hull issued the check from. The Court subsequently granted Hull until Friday, September 6, 2024 to notify Plaintiffs' counsel that the account was sufficiently funded and the check could be deposited. *See* Minute Order of August 29, 2024.

As of the date of this filing, Hull has not satisfied any of this debt, even part of it, which is consistent with his wrongful conduct that gave rise to Plaintiffs being forced to file suit and continue to expend costs and fees.

## REQUEST FOR RELIEF

Plaintiffs respectfully request that the Court impose further civil contempt sanctions on Hull for his disregard of the August 9th Order imposing monetary sanctions. District courts have inherent power to enforce compliance with orders through civil contempt. See *United States v. Latney's Funeral Home, Inc.*, 41 F. Supp. 3d 24, 29 (D.D.C. 2014) (cleaned up) ("A civil contempt action is characterized as remedial in nature, used to obtain compliance with a court order or to compensate for damages sustained as a result from noncompliance.").

Once a plaintiff makes a prima facie showing that a Defendant violated a clear, unambiguous order from the court requiring specific behavior from the defendant, the burden

3

shifts to a defendant to "justify his noncompliance" at a show-cause hearing, "by, for example, demonstrating his financial inability to pay the judgement or his good faith efforts to comply." *See Int'l Painters & Allied Trades Indus. Pension Fund v. ZAK Architectural Metal & Glass LLC*, 736 F.Supp.2d 35, 38 (D.D.C. 2010). To escape contempt, a defendant must justify his noncompliance "categorically and in detail." *Id*. at 40. The Court "need not find that the failure to comply with the order was willful or intentional because a party's intent is irrelevant when making a civil contempt determination." *Burns v. Anderson*, No. 1:16-MC-02509 (TNM), 2021 WL 1840368, at *2 (D.D.C. May 7, 2021), aff'd, No. 21-7051, 2022 WL 1232206 (D.C. Cir. Apr. 26, 2022) (cleaned up).

This Court's Minute Orders of August 2 and 9, 2024 regarding sanctions and payment deadlines represents an unambiguous court Order requiring specified conduct by the Hull Defendants, while Hull's demonstrable failure to remit such payment to Plaintiffs' counsel constitutes an indisputable failure to comply with said Order. S*ee, e.g., Latney's Funeral Home,* at 31. As such, Plaintiffs have made the requisite prima facie showing and the Court should find that Plaintiffs have satisfied the requirements of the civil contempt standard.

Notably, "avoidance of a legal obligation is not compliance with that obligation." *MasTec Advanced Techs. v. Nat'l Lab. Rels. Bd.*, No. 11-1274, 2021 WL 4935618, at *16 (D.D.C. June 3, 2021). Financial hardship can factor into whether a defendant's failure to comply was justified, but "threadbare and conclusory statements of financial distress, without supporting records or documentation, are insufficient to allow the Court to evaluate fully Defendants' potential justification." *Latney's Funeral Home*, at 33. See also, *Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995) (finding that a party's conclusory statements of inability to pay, without documentary support, are inadequate to carry the burden of establishing the justification); and

*S.E.C. v. Bilzerian*, 112 F. Supp. 2d 12, 16 (D.D.C. 2000), aff'd, 75 F. App'x 3 (D.C. Cir. 2003) ("A mere claim of poverty ... without adequate proof is not sufficient to satisfy [a party's] burden."). Hull is a practicing lawyer, maintains a firm with as many as 10 lawyers on his firm's payroll according to his deposition testimony:

> 22 Q How many lawyers does Hull McGuire
> 23 have?
> 24 A It depends. It has a few.
> 25 Q What does a few mean?
> Page 13
> 1 A A few means there are people I need
> 2 to pay in three different places that I'm still
> 3 paying.
> 4 And I'm sure, whether this is an
> 5 important question, because it can change, but
> 6 it's -- there are more than 10 people associated
> 7 with my law firm. But my law firm did not do
> 8 the work for Biggs.

Depo. of J. Daniel Hull, August 14, 2024.

Once a Court determines that a defendant has not complied with the Court's order, the Court may impose both coercive and compensatory sanctions. *See MasTec* at *18 ("[A] civil contempt sanction can be used to enforce court-ordered deadlines that the contemnor has missed both to compensate for any delay caused and for any expenses incurred.").

When devising sanctions to ensure compliance with its order, the Court should consider "the character and magnitude of the harm threatened by continued contumacy and the probable effectiveness of any suggested sanction in bringing about the result desired." *MasTec* at *22, quoting *United States v. United Mine Workers*, 330 U.S. 258, 304 (1947). Appropriate sanctions may include a coercive daily fine, a compensatory fine, coercive incarceration, and attorneys' fees and costs. *See, e.g.*, *Latney's Funeral Home, Inc.*, at 36.

The Court should institute appropriately amplified sanctions for Hull's ongoing,

unsupported failure to comply with its Orders. Alternatively, the Court should require Hull to show cause as to why the Court should not hold him in contempt and order further sanctions, including fees associated with this filing and the relief sought.  Plaintiff requests that the Court set a show cause hearing as soon as possible and shorten the 14 day period for Hull to respond to this Motion to 7 days.

Date: September 14, 2024

      Respectfully submitted,

      JAMES H. BARTOLOMEI, III P.A.

      By: */s/ James H. Bartolomei*
      James Bartolomei Esq.
      Of Counsel at Duncan Firm, P.A.
      809 W. 3rd Street
      Little Rock, Arkansas 72201
      501-228-7600 phone
      501-228-0415 fax
      james@duncanfirm.com
      District Bar Number AR0007

      And

      Bryan D. Hoben, Esq.
      Hoben Law
      1112 Main Street
      Peekskill, New York 10566
      347-855-4008
      bryan@hobenlaw.com
      District Bar Number NY0534

      *Attorneys for Plaintiffs*