UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN LUX RESEARCH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> HULL MCGUIRE PC, *et al.*, <br><br> Defendants. | Civil Action No. 23-523 (JEB) |

## FINAL JURY INSTRUCTIONS

Ladies and gentlemen, the time has now come when all of the evidence is in. It is now up to me to instruct you on the law. Before we talk about the specific claims alleged here and some of the specific issues in this case, I want to take a few moments to talk about some general rules of law. Some of these will repeat what I told you in my preliminary instructions.

### Function of the Court

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

### Function of the Jury

Your function, as the jury, is to determine what the facts are in the case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide the case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in the case is your sole and exclusive responsibility.

## Party Designations

During the course of the trial, you have heard references to the terms Plaintiff and Defendant. To put it as simply as possible, the Plaintiff is the person who starts a lawsuit and the Defendant is the person who is sued by the Plaintiff.

During your deliberations, however, you must not attach any significance in weighing the evidence to the terms Plaintiff and Defendant. In other words, the fact that the Plaintiff has filed a lawsuit against the Defendant does not mean that the Plaintiff is entitled to your verdict or that her evidence is entitled to greater weight than the Defendant's evidence. A Plaintiff must prove every element of her claim against a Defendant by a preponderance of the evidence before she is entitled to prevail.

## Jury's Recollection Controls

If any reference by the court or the attorneys to evidence does not coincide with your own recollection of the evidence, it is your recollection that should control during your deliberations.

## Considering the Evidence in the Case

During your deliberations, you may consider only the evidence or lack of evidence properly admitted in the trial. The evidence in the case was the sworn testimony of the witnesses and the exhibits that were admitted into evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.

### Statements and Arguments – Not Evidence

Statements and arguments of the lawyers, such as their opening statements and closing arguments, are not evidence. They are only intended to help you understand and interpret the evidence from each party's perspective. The questions that either side asked are not evidence. A party's question that contains an assertion of a fact does not provide evidence of that fact, unless a witness answered the question in the affirmative.

### Inadmissible and Stricken Evidence

The lawyers sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting person believed was not proper. You must not hold such objections against the person who made them or the party she represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

### Credibility of Witnesses

In determining whether the Plaintiff has proved her case, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judge of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of the case, or friendship or hostility toward other people concerned with the case.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in the trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

### Prior Inconsistent Statement Under Oath

You have heard evidence that a witness made earlier statements under oath in a deposition, and that these statements may be inconsistent with his testimony here at trial. If you find that the earlier statement is inconsistent with the witness's testimony here in court, you may consider this inconsistency in judging the credibility of the witness. You also may consider the earlier statement as evidence that what was said in the earlier statement was true.

## Nature of Case Not to be Considered

One of the questions you were asked when we were selecting ther jury was whether the nature of the case — one involving representation of the Proud Boys — would affect your ability to render a fair and impartial verdict. There was a reason for that question. You must not allow the nature of the case itself to affect your verdict. You must consider only the evidence that has been presented in the case in rendering a fair and impartial verdict.

## Burden of Proof

The party who makes a claim has the burden of proving it. The burden of proof means that the Plaintiff must prove every element of her claim by a preponderance of the evidence. To establish a fact by a preponderance of the evidence is to prove that it is more likely so than not so. In other words, a preponderance of the evidence means that the evidence produces in your mind the belief that the thing in question is more likely true than not true.

If, after considering all of the evidence, the evidence favoring the Plaintiff's side of an issue is more convincing to you, and causes you to believe that the probability of truth favors the Plaintiff on that issue, then the Plaintiff will have succeeded in carrying the burden of proof on that issue.

The term "preponderance of the evidence" does not mean that the proof must produce absolute or mathematical certainty. For example, it does not mean proof beyond a reasonable doubt as is required in criminal cases.

Whether there is a preponderance of the evidence depends on the quality, and not the quantity, of evidence. In other words, merely having a greater number of witnesses or documents bearing on a certain version of the facts does not necessarily constitute a preponderance of the evidence.

If you believe that the evidence is evenly balanced on an issue the Plaintiff had to prove, then your finding on that issue must be for the Defendant.

## Evidence Produced by Adversary

In determining whether any fact has been proved by a preponderance of the evidence, you should consider all the evidence bearing upon that fact, regardless of who produced it. A party is entitled to benefit from all evidence that favors her or him whether she or he produced it or her or his adversary produced it.

## Plaintiff's Claims

## Count I: Infringement of Copyright

Plaintiffs here allege that Defendants infringed their copyright in the October 2022 Report prepared for Defendants to use in their motion to transfer venue in the trial of their client, Proud Boys member Joseph Biggs.

Plaintiffs must prove by a preponderance of the evidence that:

1. They had a valid, registered copyright in the 2022 Report, a fact Defendants have stipulated or agreed to; and
2. Defendants infringed upon such copyright.

Infringement can occur when another copies, distributes, or publicly displays the copyrighted work without permission. Infringement can also occur when permission is initially given but subsequently revoked, and the user continues to use, distribute, or display the work. Here, you must determine if Defendants infringed on the copyright either by using it without permission or continuing to use it after permission was revoked.

## Copyright Damages

If you find that Plaintiff has carried her burden of showing infringement, you must then consider the issue of the damages that Plaintiff has sustained, if any. Plaintiff has elected to seek what are known as statutory damages, established by the U.S. Congress for each work infringed. The purpose of statutory damages is not only to compensate the Plaintiff for her full losses, but also to penalize the infringer and deter future violations of the copyright laws. The amount you may award as statutory damages cannot be less than $750, nor more than $30,000 for each work that was infringed. However, if you find that the Defendants' copyright infringement was "willful," as I will define for you now, you may award up to $150,000 for each work willfully infringed.

An infringement is considered willful when the Plaintiff has proven both of the following elements by a preponderance of the evidence:

1. The Defendants engaged in acts that infringed Plaintiffs copyright in the October 2022 Report; and

2. The Defendants knew that those acts infringed Plaintiffs' copyright, or the Defendants acted with reckless disregard for, or willful blindness to, Plaintiffs' rights in the October 2022 Report.

A willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts and acted anyway despite knowing those facts. A reckless defendant is one who merely knows of a substantial and unjustified risk of such wrongdoing and continues to pursue a course of action. You should consider a number of factors in calculating a statutory award for willful copyright infringement, including: (1) the defendant's history of copyright infringement, (2) deterrence against future violations of copyright infringement, (3) the defendant's purpose and intent, and

(4) the attitude and conduct of the parties. Statutory Copyright Act damages are designed not only to provide reparation for injury, but also to discourage wrongful conduct on the part of the defendant and other potential infringers.

### Count II: Breach of Contract

The second count is for breach of contract. You may only consider this count and the next one for intentional misrepresentation if you do <u>not</u> find Defendants liable for copyright infringement.

To prevail on breach of contract, Plaintiffs must prove by a preponderance of the evidence:

1. The existence of a valid contract between the parties;
2. An obligation or duty arising out of the contract;
3. A breach of this duty; and
4. Damages as a result of the breach.

### Damages

A plaintiff who is awarded a verdict for breach of contract is entitled to compensatory damages for such losses as may fairly be considered to have arisen naturally from the defendant's breach of contract. Alternatively, plaintiff may be entitled to such damages as may reasonably be supposed to have been contemplated by both parties at the time they made the contract as the probable result of the breach of such contract.

Compensatory damages for breach of contract are designed under the law to place the injured party in as good a monetary position as he/she would have enjoyed if the contract had been performed as promised. What that position is depends upon what the parties reasonably expected at the time they made the contract. The defendant is not liable for a loss that the parties

did not have reason to foresee as a probable result of any breach. While the loss must be a reasonably certain consequence of the breach, the exact amount of the loss need not be certain.

### Count III: Intentional Misrepresentation

Count III alleges intentional misrepresentation or fraud. To state a claim for fraud, a plaintiff must prove by a preponderance of the evidence that:

1. The defendant made a false statement of material fact;

2. He knew it was false at the time he made it;

3. He intended to deceive the plaintiff;

4. The plaintiff relied on the misrepresentation; and

5. The plaintiff suffered damages.

A false representation by a defendant may be either an affirmative misrepresentation or nondisclosure of a material fact when there is a duty to disclose to plaintiff. A misrepresentation is material if either it is likely to induce a reasonable person to act based on the misrepresentation, or the defendant knows that it is likely to induce and cause the plaintiff to act. A plaintiff asserting fraud must allege and prove that the defendant either acted knowing that his statements were false or made the statement recklessly and positively without knowledge of its truth. The mere breach of a promise, without more, is insufficient to establish fraudulent intent. To satisfy the reliance element of fraud, a plaintiff must prove which statements the plaintiff relied upon and which actions she took in response. The plaintiff's reliance must be a substantial factor in the injury suffered.

A plaintiff seeking damages for fraud may obtain out-of-pocket damages and special damages that constitute expenditures made in reliance on the misrepresentation.

You may not award damages for attorney fees or interest, as these are solely up to the Court. You may also not award damages to punish the defendant.

[ATTORNEYS WILL NOW GIVE CLOSING ARGUMENTS]

Before I excuse you to deliberate, I want to discuss a few final matters with you:

### Selection of Foreperson

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission--to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or his views about the evidence, and who will promote a full and fair consideration of that evidence.

### Cautionary Instruction on Communication and Research

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about the case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

### Communications Between Court and Jury During Jury's Deliberations

If it becomes necessary during your deliberations to communicate with me, you may send a note via the deputy, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of the case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person--not the clerk or me--how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter – for example, 4-4 or 6-2 or in any other fashion—or whether the vote favors the Plaintiff, the Defendant, or is on any other issue in the case.

### Jurors' Duty to Deliberate

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement. You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors. You should not hesitate to change an opinion when convinced that it is wrong. You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach an agreement only if you can do so in good conscience. In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

### Attitude and Conduct of Jurors in Deliberations

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a

strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

### Unanimity of Verdict

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdicts must be unanimous.

### Exhibits During Deliberations

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdicts. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

### Furnishing the Jury With a Copy of the Instructions

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note.

### Delivering the Verdict

When you have reached your verdict, just send me a note telling me you have reached your verdict, and have your foreperson sign the note. Do not tell me what your verdict is. The

foreperson should fill out and sign the verdict form that will be provided. We will then call you into the courtroom and ask you your verdict in open court.

Thank you. You may now retire to begin your deliberations.