UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN LUX RESEARCH, et. al., | |
| *Plaintiffs,* | Civil Action No. 23-cv-523-JEB |
| v. | PLAINTIFFS' MOTION TO COMPEL POST-JUDGMENT DISCOVERY RESPONSES |
| HULL MCGUIRE PC, et. al., | |
| *Defendants.* | |

Plaintiffs In Lux Research and Lindsay Olson, through counsel, respectfully move to compel responses to written post-judgment discovery served on Defendants Hull McGuire PC and John Daniel Hull (collectively the "Hull Defendants") on June 19, 2025. Pursuant to D.D.C. Local Civ. R. 7(m), Plaintiffs' counsel emailed Defendants' counsel on July 24, 2025, regarding the Hull Defendants' failure to timely respond to the post-judgment discovery, and requested a date and time to meet and confer. Rather than engaging in good faith, Defendant Hull responded, stating only: *"Be serious, James and Bryan. Find something interesting, noble and productive to do with your time. You are in no position to make any demands."* See Ex. 1. Defendants' counsel of record, Ronald Coleman, has not responded to—a pattern and practice by Defendants skirting discovery obligations, as Defendant Hull was previously sanctioned for discovery abuse.

Plaintiffs seek an order compelling discovery responses to post-judgement discovery—interrogatories and requests for production served on both Hull McGuire PC and John Daniel Hull individually—in light of Hull's ongoing disregard for the Federal Rules of Civil Procedure and this Court's Local Rules. See Exhibit 2, the discovery requests at issue and served on the Hull Defendants.

1

This motion follows the Court's prior rulings: (1) granting Plaintiff's motion for discovery sanctions against the Hull Defendants (Minute Order of August 2, 2024), and (2) dismissing the Hull Defendants' frivolous and retaliatory counterclaim for abuse of process (Minute Order of September 3, 2024).

The Hull Defendants have previously ignored court orders and refused to participate in post-judgment discovery, forcing Plaintiffs to incur more costs beyond those caused by the underlying misconduct for the underlying judgment.

## I.   BACKGROUND

On February 10, 2025, following a two-day jury trial, the Court entered judgment in favor of Plaintiffs and against Defendants John Daniel Hull and Hull McGuire, P.C., jointly and severally, in the amount of $77,000 (Dkt. No. 142). After entry of judgment, Plaintiffs filed a Bill of Costs (Dkt. No. 143, February 18, 2025) and a Motion for Attorney's Fees (Dkt. No. 147, February 24, 2025). The Court has not ruled on any of the post-judgment motions, including various motions filed by Defendants. However, Defendants did not file a motion to stay collection on the judgment.

## II.   ARGUMENT

Rule 69(a)(2) of the Federal Rules of Civil Procedure authorizes a judgment creditor to "obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." This includes the full range of tools available under the Federal Rules, including Rule 33 interrogatories and Rule 34 document requests. *See Tatneft v. Ukraine*, No. CV 17-582 (CKK), 2021 WL 5353024, at *3 (D.D.C. Oct. 18, 2021) (Rule 69 permits "broad post-judgement discovery" intended to assist judgment creditors in identifying assets to satisfy the judgment) (internal citation omitted)); *Lima Lucero v.*

*Parkinson Constr. Co., Inc.*, No. CV 18-515 (RC), 2020 WL 4464497, at *3 (D.D.C. Aug. 4, 2020). "Thus, the standards for receiving post-judgment discovery are quite permissive." *Amduso v. Republic of Sudan*, 288 F. Supp. 3d 90, 94 (D.D.C. 2017) (cleaned up).

Unless an automatic stay goes into effect or a party moves for such, the judgment-creditor is permitted to start collecting 30 days after entry of a judgment:

> **(a) Automatic Stay.** Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise.
>
> **(b) Stay by Bond or Other Security.** At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

See Fed. R. Civ. P. 62

Defendants never sought a stay of collecting on the judgment and the Court has not entered an order otherwise.

Under Rule 37(a)(3)(B) a party may "move for an order compelling an answer [or] production" if "a party fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents … requested under Rule 34."

Courts in this District routinely compel post-judgment discovery where a judgment debtor fails to respond. *See Lima Lucero*, 2023 WL 4536462, at *1, *4 (citing *Guo Wengui v. Clark Hill, PLC*, 338 F.R.D. 7, 10 (D.D.C. 2021)); and *Micula v. Government of Romania*, No. 21-7139, 2023 WL 2127741, at *1 (D.C. Cir. Feb. 21, 2023). Moreover, as the *Micula* court explained, failure to respond fully to post-judgment interrogatories—without asserting specific, timely objections—warrants not only an order compelling compliance, but also sanctions. 2023 WL 2127741, at *2.

Rule 37(a)(5)(A) mandates sanctions where a party's failure to respond necessitates a motion to compel. "If a motion to compel is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Lima Lucero*, 2023 WL 4536462, at *5 (quoting Fed. R. Civ. P. 37(a)(5)(A)).

To date, the Hull Defendants have refused to respond to Plaintiffs' post-judgment interrogatories and requests for production (Exhibit 2) which include basic information Plaintiffs need to collect on the judgment, including the $30,000 that Defendant Hull admitted to at trial he would pay. Defendants have not produced a single document relevant to judgment enforcement or answered any information about their assets. Nor have they offered any justification other than the single email Dan Hull wrote. Instead, Defendant Hull responded, refusing to engage in a Local Rule 7(m) conference. This is textbook discovery abuse and a clear violation of their obligations under Rules 69, 33, 34, and 37.

As in *Lima Lucero*, where the defendant failed to respond "in any manner" to post-judgment discovery and offered "no justification," the same result is appropriate here. The Hull Defendants' failure to respond to post-judgment interrogatories and document requests—coupled with their refusal to confer under Local Rule 7(m)—makes cost-shifting mandatory. Plaintiffs respectfully request an award of fees and costs incurred in bringing this motion.

### III. CONCLUSION

The Hull Defendants have refused to comply with basic post-judgment discovery obligations under Rules 69, 33, and 34 of the Federal Rules of Civil Procedure. Their failure to respond—combined with a dismissive refusal to confer under Local Rule 7(m)—demonstrates a

willful disregard for the rules governing discovery, judgment enforcement and vexatiously multiplying the proceedings. Plaintiffs should not be forced to absorb the cost of compelling compliance with Defendants' clear discovery obligations, especially in light of the Hull Defendants refusing to pay even $1.00 to satisfy any part of the judgment.  Accordingly, Plaintiffs respectfully request that the Court (1) grant this motion; (2) order the Hull Defendants to serve fulsome responses to Plaintiffs' interrogatories and requests for production within 14 days; (3) deem all objections waived; and (4) award Plaintiffs their reasonable expenses and attorney's fees incurred in bringing this motion, pursuant to Rule 37(a)(5)(A).[1]

Dated: July 29, 2025

                        Respectfully submitted,

                        JAMES H. BARTOLOMEI, III P.A.

                        By: /s/ *James H. Bartolomei*
                        James Bartolomei Esq.
                        Of Counsel at Duncan Firm, P.A.
                        809 W. 3rd Street
                        Little Rock, Arkansas 72201
                        501-228-7600 phone
                        501-228-0415 fax
                        james@duncanfirm.com
                        District Bar Number AR0007

                        And

                        Bryan D. Hoben, Esq.
                        Hoben Law
                        1112 Main Street
                        Peekskill, New York 10566
                        347-855-4008
                        bryan@hobenlaw.com
                        District Bar Number NY0534

                        *Attorneys for Plaintiffs*

---

[1] Plaintiffs agree to submit a sworn declaration about the hours incurred in the bringing this motion should the Court grant this motion.